## MOREY LINOTYPING CO. OF CHICAGO, ILL., v. CHICAGO LINO-TABLER CO. OF CHICAGO, ILL.

(Circuit Court of Appeals, Seventh Circuit. April 29, 1919.)

No. 2660.

APPEAL AND ERROR ☞339(4)—INTERLOCUTORY DECREE—TIME FOR APPEAL.

 While a decree in a suit for patent infringement, solely enjoining the infringement and ordering an accounting, is a final decree in essence as to the equities of the bill, yet, as a matter of procedure, it is an interlocutory decree within the time for perfecting an appeal, and so, where an appeal was not perfected within 30 days, it must be dismissed.

Appeal to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit by the Chicago Lino-Tabler Company of Chicago, Ill., against the Morey Linotyping Company of Chicago, Ill. From a decree for complainant, defendant appeals. Appeal dismissed.

A. L. Jackson, for appellant.

Charles A. Brown, of Chicago, Ill., for appellee.

Before BAKER, MACK, and EVANS, Circuit Judges.

BAKER, Circuit Judge. Appellee sued appellant on account of alleged infringement of a patent and prayed for a permanent injunction and an order of accounting. On issues joined respecting the validity of the patent and the fact of infringement, the District Court heard all that the parties had to offer and found that the patent was

valid and infringed, entered a permanent injunction, immediately executable, and ordered an accounting of damages and profits to be had before a master in chancery.

Forty-one days later appellant filed in the District Court its petition for an appeal, which was at once allowed. And now appellee moves that the appeal be dismissed for want of jurisdiction on the ground that the appeal should have been taken within thirty days from the entry of the decree.

We have no doubt that the decree of permanent injunction, with accounting reserved, is a final decree in essence as to the equities of the bill. See National Brake & Electric Co. v. Christensen, 258 Fed. 880, —— C. C. A. ——, herewith decided. But, as therein pointed out, a plain distinction exists between substantive and procedural law. And under the authorities referred to in that case the decree is interlocutory in time, and time relation is determinative of the procedure.

The appeal is dismissed.